## W. RIDOUT v. THE STATE.

1. AGGRAVATED ASSAULT AND BATTERY may be committed by the indecent handling or fondling of the person of a female by an adult male, without her consent and against her will.
2. PRACTICE IN THIS COURT. — When, upon a conflict of evidence, the jury have found a verdict of guilty, and the court *a quo* has refused to set it aside, it is not the practice of this court to disturb it.

APPEAL from the County Court of Caldwell.   Tried below before the Hon. E. H. ROGAN, County Judge.

The statement of facts shows that the defendant was a school-teacher, and the assaulted female a pupil of eleven years of age.   She testified explicitly to certain indecent acts of familiarity with her person perpetrated by him. Witnesses for the defence contradicted some of her statements.

The jury found the defendant guilty of an aggravated assault and battery, and assessed against him a fine of $100. The court below refused a new trial, and he appealed.

*Nix & Storey*, for the appellant, filed a forcible brief and argument.

*Thomas Ball*, Assistant Attorney-General, for the State.

ECTOR, P. J.   This is an appeal from a conviction of aggravated assault and battery.   The indictment charges

that the assault was committed by an adult male upon the person of a female. We believe that the indictment contains all the necessary averments, if proved, to constitute an aggravated assault, under subdiv. 5, art. 2150, Paschal's Digest. The indecent handling or fondling of the person of a female by a male, without her consent and against her will, is an assault.

We deem it unnecessary to discuss at length the sufficiency of the indictment, or the facts testified by the different witnesses. The charge of the court fairly presented the law of the case to the jury. We find no error committed by the court on the trial, either in the admission or exclusion of evidence. While we commend the zeal and ability of counsel for the defence, we cannot agree with them in thinking that the judgment herein is not supported by the law and the evidence. There was a conflict in the evidence given by the State's witness and that produced on the part of the defendant. If the testimony of the female upon whom the assault is alleged to have been committed is true, the defendant was properly convicted. It was the province of the jury to reconcile the conflict in the testimony, if possible; if they could not do this, then to give credence to the witness or witnesses who, in their opinion, were most entitled to belief. They chose to believe the testimony for the State, and the judge who presided at the trial did not see proper to set aside the verdict. This being the case, we see no reason why this court should disturb it.

The judgment of the County Court is affirmed.

*Affirmed.*